UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CALLAHAN, INC. d/b/a CALLAHAN CONSTRUCTION MANAGERS,<br><br>Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | * * * * * * * * * * * | Civil Action No. 1:25-cv-10412-IT |

MEMORANDUM & ORDER

August 21, 2026

In this action, Plaintiff Callahan Construction Managers brings claims against its insurer, Defendant Arch Specialty Insurance Company, for not fully indemnifying certain losses incurred in connection with a subcontractor's default on a construction project in New York. See Notice of Removal, Ex. A, at 3–5 [Doc. No. 1-1]. Pending before the court is Plaintiff's Motion for Reconsideration [Doc. No. 40], asserting manifest error in the court's dismissal of Plaintiff's Massachusetts statutory claims. See Mem. & Order 11–14 [Doc. No. 28].

To prevail on a motion for reconsideration, the moving party generally must show (1) an intervening change in the controlling law; (2) a clear error of law; or (3) newly discovered evidence not available to the court when the order was issued. See In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014); Fernandez–Vargas v. Pfizer, 522 F.3d 55, 61 n. 2 (1st Cir. 2008) (discussing motions to reconsider pursuant to Federal Rule of Civil Procedure 54(b)). A party is not entitled to present new arguments on a motion for reconsideration. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

On February 27, 2026, the court denied Defendant's motion to transfer this action, Mot. To Transfer and, Alternatively, Partial Mot. To Dismiss [Doc. No. 10] ("Mot. to Transfer & Dismiss"), finding that the operative insurance policy's New York choice of law provision did not mandate transfer of venue. See Mem. & Order 5–11 [Doc. No. 28]. The court granted Defendant's motion to dismiss Plaintiff's Massachusetts statutory claims, Mot. To Transfer & Dismiss [Doc. No. 10], finding that the choice of law provision encompassed those claims, and that New York law did not provide for analogous statutory claims. Mem. & Order 11–14. In its Motion for Reconsideration [Doc. No. 40], Plaintiff now asserts that all parties operated under the "incorrect" or "errant [] assumption" that the policy's choice of law provision was valid and asks the court to set aside its dismissal ruling as a manifest error of law because Mass. Gen. Laws ch. 175, § 22 prohibits the inclusion of foreign choice of law provisions in insurance policies made and delivered in Massachusetts. Pl.'s Mem. ISO Mot. for Recon. 5–11 [Doc. No. 42] ("Pl.'s Mem.").[1] Alternatively, Plaintiff asks the court to certify the question of law to the Supreme Judicial Court of Massachusetts. Id. at 12–16.

The applicability of § 22 to the parties' contract is a new legal argument, raised for the first time in Plaintiff's Motion for Reconsideration [Doc. No. 40]. Unlike Plaintiff's cited precedent, see Pl. Mem. 7, 13 [Doc. No. 42], the court neither relied upon a mistaken factual assumption nor misapplied caselaw in dismissing Plaintiff's statutory claims. See Davalos v. Baywatch Inc., 707 F. Supp. 3d 26, 27–28 (D. Mass. 2023) (allowing motion for reconsideration

[1] Mass. Gen. Laws ch. 175, § 22 states in relevant part:

> No company and no officer or agent thereof shall make, issue or deliver any policy of insurance . . . containing any condition, stipulation or agreement . . . providing that any such policy or contract made in the commonwealth on lives, property or interests therein shall be governed by the laws of any state or country other than this commonwealth. Any such condition, stipulation or agreement shall be void.

of summary judgment decision where "Court was under the incorrect impression" relating to factual predicate for decision); Sosa v. 28Freight LLC, 824 F. Supp. 3d 204, 209–10 (D. Mass. 2026) (allowing motion for reconsideration of prior dismissal where court erroneously applied caselaw decided on a distinct factual basis).

Plaintiff had the opportunity to argue that § 22 voided the policy's choice of law provision but did not do so in its Opposition [Doc. No. 17] to Defendant's Motion to Transfer & Dismiss [Doc. No. 10] Plaintiff's claims related to a subcontractor's default on a construction project in New York. See Allen, 573 F.3d at 53 ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006))). Accordingly, the court "need not inquire into the merits of" Plaintiff's argument regarding § 22 as to the New York project where Plaintiff raised it "for the first time in its motion for reconsideration." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020).

As to Plaintiff's request for certification, the issue is not "determinative of the cause [] pending," where Plaintiff has waived the argument. Mass. S.J.C. R. 1:03.

Therefore, Plaintiff's Motion for Reconsideration [Doc. No. 40] is DENIED.

IT IS SO ORDERED.

August 21, 2026

/s/ Indira Talwani
United States District Judge